UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

WSG CORAL SPRINGS, LP,                    Case No. 6:12-bk-15882-KSJ

    Debtor.                                    Chapter 11
_____/

**MOTION FOR RELIEF FROM STAY, OR, IN THE
ALTERNATIVE, FOR ADEQUATE PROTECTION**

Branch Banking and Trust Company ("Movant"), by undersigned counsel and pursuant to section 362 of title 11 of the United States Code ("Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 4001, files this motion for the entry of an order granting Movant relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code to permit it to continue its mortgage foreclosure action against certain interests in real property owned by the debtor, WSG Coral Springs, LP ("Debtor"), and would show the Court as follows:

**PARTIES AND JURISDICTION**

1.    On November 26, 2012 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.    This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(G) and 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The relief requested herein is based upon Section 362(d)(1) and (2) of the Bankruptcy Code.

{M0465677.1}    1

## BACKGROUND FACTS

4. On or about April 25, 2006, the Debtor executed and delivered to Movant's predecessor-in-interest, Colonial Bank, N.A. ("Colonial"), that certain promissory note in the original principal amount of $6,760,000.00 ("First Note"). A true and correct copy of the First Note is attached hereto as Exhibit A.

5. On or about March 22, 2007, the Debtor executed and delivered to Colonial that certain promissory note in the original principal amount of $240,500.00 ("Second Note"). A true and correct copy of the Second Note is attached hereto as Exhibit B.

6. On or about August 27, 2007, the Debtor executed and delivered to Colonial that certain consolidated and restated renewal and future advance promissory note in the principal amount of $11,740,000.00 ("Renewal Note"). A true and correct copy of the Renewal Note is attached hereto as Exhibit C.

7. By virtue of a mortgage, assignment of leases and rents and security agreement ("Mortgage"), which was executed by the Debtor in favor of Colonial and recorded on May 9, 2006 in Official Records Book 08630, Page 2565, Public Records of Orange County, Florida, the Renewal Note is secured by, *inter alia*, a lien against certain real property, including the conservation easement (the "Property") bearing the following legal description:

TRACT A CONSERVATION EASEMENT:

COMMENCE AT THE NORTHWEST CORNER OF THE NORTHWEST 1/4, OF THE SOUTHWEST 1/4, OF SECTION 22, TOWNSHIP 22 SOUTH, RANGE 31 EAST, ORANGE COUNTY, FLORIDA; THENCE RUN N87°58'30"E ALONG THE NORTH LINE OF SAID NORTHWEST 1/4, OF THE SOUTHWEST 1/4, A DISTANCE OF 30.00 FEET, TO A POINT ON THE EASTERLY RIGHT-OF-WAY LINE OF O'BERRY HOOVER ROAD AS RECORDED IN OFFICIAL RECORDS BOOK 1913, PAGE 245 OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA, BEING THE POINT OF BEGINNING; THENCE RUN S00°01'58"E ALONG THE EASTERLY RIGHT-OF-WAY LINE OF O'BERRY HOOVER

ROAD, A DISTANCE OF 1,245.19 FEET; THENCE DEPARTING SAID EASTERLY RIGHT-OF-WAY LINE, RUN N88°40'33"E A DISTANCE OF 257.04 FEET TO THE EAST LINE OF THAT CERTAIN CONSERVATION EASEMENT RECORDED IN OFFICIAL RECORDS BOOK 8998, PAGE 1636 OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA; THENCE RUN ALONG SAID EAST LINE THE FOLLOWING COURSES; N55°17'45"W, A DISTANCE OF 32.31 FEET; THENCE RUN N14°57'17"W, A DISTANCE OF 78.48 FEET; THENCE RUN N34°11'37"E, A DISTANCE OF 68.91 FEET; THENCE RUN N12°49'54"W, A DISTANCE OF 47.91 FEET; THENCE RUN N33°52'31"E, A DISTANCE OF 63.23 FEET; THENCE RUN N88°38'35"E, A DISTANCE OF 169.72 FEET; THENCE RUN N01°02'00"W, A DISTANCE OF 293.23 FEET; THENCE RUN N88°58'00"E, A DISTANCE OF 465.68 FEET; THENCE RUN N01°02'00"W, A DISTANCE OF 714.85 FEET; THENCE RUN S87°58'30"W A DISTANCE OF 891.86 FEET TO THE POINT OF BEGINNING.

TOGETHER WITH

TRACT B CONSERVATION EASEMENT:

COMMENCE AT THE NORTHWEST CORNER OF THE NORTHWEST 1/4, OF THE SOUTHWEST 1/4, OF SECTION 22, TOWNSHIP 22 SOUTH, RANGE 31 EAST, ORANGE COUNTY, FLORIDA; THENCE RUN N87°58'30"E ALONG THE NORTH LINE OF SAID NORTHWEST 1/4, OF THE SOUTHWEST 1/4, A DISTANCE OF 30.00 FEET, TO A POINT ON THE EASTERLY RIGHT-OF-WAY LINE OF O'BERRY HOOVER ROAD AS RECORDED IN OFFICIAL RECORDS BOOK 1913, PAGE 245 OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA; THENCE RUN S00°01'58"E ALONG THE EASTERLY RIGHT-OF-WAY LINE OF O'BERRY HOOVER ROAD, A DISTANCE OF 1,245.19 FEET; THENCE DEPARTING SAID EASTERLY RIGHT-OF-WAY LINE, RUN N88°40'33"E A DISTANCE OF 311.25 FEET TO A SET CONCRETE MONUMENT (PRM LB 1221), BEING ALSO THE POINT OF BEGINNING; THENCE CONTINUE TO RUN N88°40'33"E A DISTANCE OF 341.26 FEET;  THENCE RUN S00°26'35"E A DISTANCE OF 1,252.89 FEET; THENCE RUN S89°21'32"W A DISTANCE OF 345.68 FEET; THENCE RUN N00°14'19"W A DISTANCE OF 1,248.85 FEET TO THE POINT OF BEGINNING.

A true and correct copy of the Mortgage is attached hereto as Exhibit D.  The First Note, Second Note, Renewal Note, Mortgage and all related documents executed and/or delivered in connection with the Loan are referred to collectively hereinafter as the "Loan Documents".

8. On August 14, 2009, the FDIC seized the assets of Colonial and substantially all such assets, including the Loan Documents, were transferred to Movant.

9. Prior to the Petition Date, the Debtor was in default under the terms of the Loan Documents because of its failure to pay the Renewal Note by the August 27, 2008 maturity date.

10. On or about January 3, 2011, Movant recorded a Lis Pendens and commenced a foreclosure action against, *inter alia*, the Debtor, initiating Case No. 2011-CA-000033-O ("Foreclosure Action") in the Circuit Court of the 9th Judicial Circuit, in and for Orange County, Florida ("State Court").

11. On or about July 29, 2011, Movant, Debtor, Eric D. Sheppard and Phillip Wolman entered into a forbearance stipulation (the "Forbearance Stipulation"). The Forbearance Stipulation provides, *inter alia* and at paragraph 12, that Movant shall be entitled to immediate relief from stay in the event that the Debtor files for bankruptcy relief. A true and correct copy of the Forbearance Stipulation is attached hereto as Exhibit E.

12. On or about September 2, 2011, Movant, Debtor, Eric D. Sheppard and Phillip Wolman entered into an amended forbearance stipulation (the "Amended Forbearance Stipulation"). The Amended Forbearance Stipulation provides, *inter alia* and at paragraph 11, that Movant shall be entitled to immediate relief from stay in the event that the Debtor files for bankruptcy relief. A true and correct copy of the Amended Forbearance Stipulation is attached hereto as Exhibit F.

13. On or about April 24, 2012, Movant, Debtor, Eric D. Sheppard and Phillip Wolman entered into a second amended forbearance stipulation (the "Second Amended Forbearance Stipulation"). The Second Amended Forbearance Stipulation provides, *inter alia* and at paragraph 11, that Movant shall be entitled to immediate relief from stay in the event that

the Debtor files for bankruptcy relief. A true and correct copy of the Second Amended Forbearance Stipulation is attached hereto as Exhibit G.

14. The Debtor, Phillip Wolman and Eric D. Sheppard defaulted under the Second Amended Forbearance Stipulation by, *inter alia*, failing to tender to Movant the payment of $21,539.14 due on or before May 6, 2012.

15. On June 29, 2012, the State Court, in accordance with paragraph 5 of the Second Amended Forbearance Stipulation and as a consequence of the Debtor's default thereunder, entered its Amended Final Judgment of Foreclosure (the "Foreclosure Judgment") in the amount of $3,558,844.00. The foreclosure sale of the Property was subsequently noticed for November 27, 2012. True and correct copies of the Foreclosure Judgment and Notice of Sale are attached hereto as composite Exhibit H.

16. On November 26, 2012, *the day before the scheduled Foreclosure Sale*, the Debtor filed its voluntary petition for chapter 11 relief.

17. The Property has no equity. The total amount due and owing under the Foreclosure Judgment as of the Petition Date is $3,628,124.77.[1] Movant has obtained a recent appraisal, attached hereto as Exhibit I, valuing the Property, as of May 17, 2012, at $0.00.

## RELIEF REQUESTED

18. Movant requests that the Court enter an order providing it relief from the automatic stay so that it may pursue its *in rem* rights and remedies including, without limitation, the right to immediately reset and conduct the foreclosure sale of the Property.

---

[1] The total amount due and owing as of the Petition Date was determined by performing the following calculation:

$3,558,844.00 [amount of Foreclosure Judgment] + (150 [days between entry of Foreclosure Judgment and Petition Date]/366 X 0.0475 [post-judgment rate of interest] X $3,558,844.00 [amount of Foreclosure Judgment]) = $3,628,124.77.

19. 11 U.S.C. § 362(d)(1) vests this Court with authority to grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." In the instant case, cause exists to grant Movant relief from the automatic stay as:

(a) The Debtor entered into three separate forbearance agreements providing for immediate relief from stay. The Debtor's agreement is enforceable and constitutes cause for relief from stay under 11 U.S.C. § 362(d)(1). *In re Bryan Road, LLC*, 382 B.R. 844, 848-49 (Bankr. S.D. Fla. 2008); *see also In re Excelsior Henderson Motorcycle Manufacturing Co., Inc.*, 273 B.R. 920 (Bankr. S.D. Fla. 2002);

(b) The Debtor defaulted under the Renewal Note;

(c) The Debtor defaulted under the Second Amended Forbearance Stipulation;

(d) Movant is undersecured;

(e) Movant is not adequately protected; and

(f) This bankruptcy proceeding was filed in bad faith.[2]

20. In addition, Section 362(d)(2) provides this Court with authority to grant relief from the automatic stay where (a) "the debtor does not have any equity in the property" and (b) "such property is not necessary to an effective reorganization."

21. With respect to the first prong, the attached appraisal clearly establishes that the Property has no equity.

---

[2] It is well-settled that a bad-faith bankruptcy filing constitutes sufficient cause for relief from the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code. *See Phoenix Piccadilly*, 849 F.2d at 1394; *Laguna Assocs.*, 30 F.3d at 737; *In re Star Trust*, 237 B.R. 827, 833 (Bankr. M.D. Fla. 1999); *In re RAD Properties, Inc.*, 84 B.R. at 829 (Bankr. M.D. Fla. 1988); *In re Lotus Inv.*, 16 B.R. 592, 595-96 (Bankr. S.D. Fla. 1981). Most, if not all, of *Phoenix Piccadilly's* circumstantial factors of bad faith appear in this case. *See Phoenix Piccadilly*, 849 F.2d at 1394 (the tests for bad faith are the same for both dismissal and for stay relief).

22. In *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 375, the Supreme Court described the second prong of Section 362(d)(2) as follows:

> Once the movant under § 362(d)(2) establishes that he is an undersecured creditor, it is the burden of the debtor to establish that the collateral is "necessary to an effective reorganization." What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property would be needed for it; but the property is essential for an effective reorganization *that is in prospect*. This means, as many lower courts, including the en banc court in this case, have properly said, that there must be "a reasonable possibility of a successful reorganization within a reasonable time.

*Timbers, supra*, 484 U.S. at 375 (internal citations omitted) (emphasis in original).

23. In the present matter, the Debtor cannot meet its burden of establishing that there is a reasonable possibility of a successful reorganization within a reasonable time. Accordingly, it is appropriate for this Court to grant Movant relief from stay pursuant to Section 362(d)(2).

24. In the unlikely event that this Court declines to grant stay relief, Movant requests that this Court enter an Order, pursuant to 11 U.S.C. §§ 361 and 362, conditioning the continued effectiveness of the stay upon the Debtor making adequate protection payments, maintaining insurance in compliance with the Loan Documents, paying all post-petition property taxes as they become due and affording such other and further relief as is necessary to adequately protect Bank.

**WHEREFORE**, Movant respectfully requests that the Court enter an Order: (i) granting Movant relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and (2); (ii) waiving the fourteen day stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3); and (iii) granting such other and further relief as the Court deems just and proper. In the unlikely event that this Court declines to grant Movant relief from stay, Movant requests the entry of an Order:

(i) affording Movant adequate protection of Movant's interest in the Property; and (ii) granting such other and further relief as the Court deems just and proper.

        Respectfully Submitted,

        JONES, WALKER, WAECHTER, POITEVENT,
        CARRERE & DENEGRE, L.L.P.
        *Attorneys for Branch Banking and Trust Company*
        201 Biscayne Blvd., Suite 2600
        Miami, Florida 33131
        Email:  *sdrobny@joneswalker.com*
        Telephone:  (305) 679-5700
        Facsimile:  (305) 679-5710

        By:  */s/ Stephen P. Drobny*
            Stephen P. Drobny
            Florida Bar No. 55732

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all parties listed below via ECF or first class U.S. mail on this 29th day of November, 2012.

/s/ *Stephen P. Drobny*
Stephen P. Drobny

**Electronic Service List**

Jason H Klein on behalf of Debtor WSG Coral Springs, LP
bknotice@lseblaw.com, jklein@lseblaw.com;mniquette@lseblaw.com

Miriam G Suarez on behalf of U.S. Trustee United States Trustee - ORL
Miriam.G.Suarez@usdoj.gov

United States Trustee - ORL
USTP.Region21.OR.ECF@usdoj.gov

**U.S. Mail Service List**

| | |
|---|---|
| CDS Sitework & Trucking Inc.<br>Attn: Pres/Gen Mgr.<br>12601 Avalong Road<br>Winter Garden, FL 34787 | Chiodini Associates<br>1401 S Brentwood Blvd. #425<br>St. Llouis, MO 63144 |
| HM Eight, LLC<br>c/o HM Eight Manager, LLC<br>12000 Biscayne Blvd., Suite 508<br>North Miami, FL 33181 | Holland & Knight<br>Attn: Managing Partner<br>10 Grove Street<br>Cherry Hill, NJ 08002 |
| Joe Fish<br>1045 Tulloss Road<br>Franklin, TN 37067 | Todd Hoepker Esq.<br>Todd Hoepker PA<br>55 East Pine Street<br>Orlando, FL 32801 |
| UP Development<br>c/o Scott Fish<br>1045 Tullose Road<br>Franklin, TN 37057 | |