UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

In re:                                          Case No. 6:12-bk-15882-KSJ

WSG CORAL SPRINGS, LP,                          Chapter 11

       Debtor.
_____/

## OBJECTION TO (I) ADEQUACY OF DISCLOSURE STATEMENT
## AND (II) CONFIRMATION OF PLAN OF REORGANIZATION

Now comes Creditor RSFGA Waterford, LLC (the "Creditor"), and files its Objection to (i) the Adequacy of the Debtor's Disclosure Statement, and (ii) the Debtor's Plan of Reorganization (the "Objection"). In support of its Objection, the Creditor states as follows:

## BACKGROUND

1.      On November 26, 2012 (the "Petition Date"), WSG Coral Springs, LP (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

2.      Pursuant to 11 U.S.C. §§ 1107 and 1108, the Debtor continues to operate its business and manage its affairs as a debtor in possession.

3.      On December 10, 2012, the Debtor filed its Bankruptcy Schedules [ECF No. 31] (the "Schedules") and Statement of Financial Affairs [ECF No. 32]. The Schedules failed to list the Creditor's general unsecured claim. Subsequently, the Creditor timely filed Proof of Claim No. 5 as a general unsecured claim in the amount of $765,642.91 related to monies loaned to the Debtor as evidenced by a promissory note executed by the Debtor for the benefit the Creditor, as assigned.

4.       On March 22, 2013, the Debtor filed its Disclosure Statement Pursuant to 11 U.S.C. § 1125 [ECF No. 78] (the "Disclosure Statement"), and Plan of Reorganization [ECF No. 79] (the "Plan"). Subsequently, the Court entered its Order Conditionally Approving Disclosure Statement [ECF No. 82], which set the deadline to file an objection to the Disclosure Statement and to confirmation of the Plan for May 6, 2013. Accordingly the Creditor files the instant Objection.

## OBJECTIONS

### A.  Objection to Disclosure Statement

The Creditor objects to the Disclosure Statement on the grounds that it fails to contain adequate information for creditors to make an informed judgment about the Debtor's Plan. Further, the Disclosure Statement is objectionable on the basis that the Plan, as currently drafted, is not confirmable on its face.

#### (1) Lack of information

Pursuant to 11 U.S.C. § 1125, the Disclosure Statement must provide adequate information to creditors "of a kind, and in sufficient detail, as far as is reasonably practicable … that would enable [ ] a hypothetical investor of the relevant class to make an informed judgment about the plan[.]" The Disclosure Statement lacks adequate information as it does not state which creditors it is proposing to treat in Class 8. The Debtor's description of Class 8 only provides an "estimate" of the class size as $2,644,036.64; but the filed and scheduled claims that potentially fall into this class total $5,151,685.53.[1] To date the Debtor has not filed any objections to claim. Until such time as the Debtor successfully objects to any claim, it must

---

[1] The Debtor schedules general unsecured claims (not including BB&T's unsecured portion, which is separately classed) in the amount of $2,624,036.64; and additional amounts from the proofs of claim filed that are not included in the scheduled claims total $2,527,648.89, altogether totaling $5,151,685.53.

provide treatment for same.  In the Plan, as currently drafted, the Debtor does not disclose that it is only proposing treatment for roughly half of the general unsecured creditors.

In addition to only treating half of the general unsecured creditors, the Debtor fails to provide adequate information about the potential sources of payment of these claims.  The only defined source of payment is a pro rata share of the proposed $25,000 equity contribution – as the plan is currently drafted this is a less than 1% distribution to general unsecured creditors (and if you include the entire pool of general unsecured creditors, it is less than ½%).  The other potential sources of payment are vaguely defined "Causes of Action."  However, the Debtor fails to identify any potential cause of action, whether it is investigating any cause, and whether it anticipates that any cause will be pursued.

Finally, the Disclosure Statement fails to provide a value for BB&T's allowed secured claim.  Absent this information, it is impossible for a general unsecured creditor to determine the Debtor's ability to make a payment beyond the meager $25,000 equity contribution it is proposing.  Nor is it possible for the Court or other impaired creditors to assess whether such equity contribution is reasonable in light of the potential value of the company.

Based on the foregoing, the information contained in the Disclosure Statement is inadequate under the standard of 11 U.S.C. § 1125(a)(1).

### (2) *__The Plan is not confirmable__*

When a plan is not confirmable on its face, the court may refuse to approve the disclosure statement.  *In re Commadante Mgmt. Co., LLC*, 359 B.R. 410, 415-16 (Bankr. D.P.R. 2006); In re Monroe Wall Serv., Inc., 80 B.R. 324, 332 (Bankr. E.D. Pa. 1987).  As provided below, the Plan is not confirmable.  Accordingly, the Disclosure Statement should not be approved.

### B. <u>Objection to Confirmation</u>

### *(1) <u>The Plan has not been proposed in good faith.</u>*

Pursuant to 11 U.S.C. § 1129(a)(3), a plan must be proposed in good faith.  The term "good faith" is not defined in the Bankruptcy Code but is generally determined in light of the totality of the circumstances.  *See In re Proud Mary Marina Corp.*, 338 B.R. 114, 123 (Bankr. M.D. Fla. 2006).  In reviewing the circumstances a proposed plan, courts generally look to the plan itself and the ability of the plan to achieve the goals of the Bankruptcy Code.  *Id.*

The totality of the circumstances here show that the Debtor is attempting to confirm a Plan that is notably lacking in key information necessary to assess its merit.  Indeed, considering the information that is missing as stated above, it could be inferred that the Debtor purposely omitted this information in an attempt to obscure the value remaining for its principals.

### *(2) <u>The Plan payments to impaired creditors that exceed the liquidation value</u>*

Pursuant to 11 U.S.C. § 1129(a)(7)(A)(ii), with respect to impaired claimants, the Debtor must show that each impaired claimant has either approved the plan, or will receive under the plan no less than such claimant would receive under a Chapter 7 liquidation.  Here, the Debtor has failed to show that the distribution to unsecured creditors under the Plan is more than such creditors would receive from a liquidation.  Although the Plan states that the Debtor will provide a liquidation analysis "at least" two weeks prior to the hearing on the Disclosure Statement set for May 13th, as of the filing of this Objection, the liquidation analysis has not been filed or otherwise provided to creditors.

Based on the foregoing, the Plan cannot be confirmed under the requirements of 11 U.S.C. § 1129.  Accordingly, the Disclosure Statement should not be approved, and the Plan cannot be confirmed.

WHEREFORE, Creditor RSFGA Waterford, LLC respectfully requests this Court enter an Order: (i) sustaining the instant Objection; (ii) denying approval of the Disclosure Statement; (iii) denying confirmation of the Plan; and (iv) granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**BAST AMRON LLP**
*Attorneys for Creditor RSFGA Waterford, LLC*
SunTrust International Center
One Southeast Third Avenue, Suite 1440
Miami, FL 33131
Telephone: (305) 379-7904
Facsimile: (305) 379-7905
Email: bamron@bastamron.com
Email: jeder@bastamron.com

By: */s/ Brett M. Amron*
      Brett M. Amron, Esq. (FBN 148342)
      John R. Eder, Esq. (FBN 046720)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's CM/ECF system, where available, and/or via U.S. Mail and/or email as indicated below on this the 6th day of May, 2013.

By: */s/ John R. Eder*
      John R. Eder, Esq.

# SERVICE LIST

## VIA CM/ECF

- Robert A. Bauman    bbauman@rempa.com, debra@rempa.com
- Stephen P Drobny    sdrobny@joneswalker.com,
  rbruckmann@joneswalker.com;tsnow@joneswalker.com
- Todd M Hoepker    tmhoepker@yahoo.com
- Jason H Klein    bknotice@lseblaw.com, jklein@lseblaw.com;mniquette@lseblaw.com
- Jerry M Markowitz    jmarkowitz@mrthlaw.com,
  jmartin@mrthlaw.com;rrubio@mrthlaw.com;rhartog@mrthlaw.com;mrthbkc@gmail.com
- R Scott Shuker    bknotice@lseblaw.com, rshuker@lseblaw.com;lbrown@lseblaw.com
- Miriam G Suarez    Miriam.G.Suarez@usdoj.gov
- United States Trustee - ORL    USTP.Region21.OR.ECF@usdoj.gov

## VIA U.S. MAIL

Alan I. Moldoff
Eckert Seamans Cherin & Mellott, LLC
50 S 16th Street, 22nd Floor
Philadelphia, PA 19102